Shahzada “Shaw” Ashraf, Esq., CA State Bar # 310093
18960 Ventura Blvd #82
Tarzana, CA 91356
Phone: 310-595-0231
Fax: 310-695-2731
E-Mail: Shaw.Ashraf.Esq@gmail.com
*Attorney for Petitioner*

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HERMINE AVETISYAN
A-243-155-451,

*Petitioner,*

v.

MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, Attorney General of the United States; DAVID VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement; and WARDEN, ADELANTO DETENTION FACILITY in their official capacities,

*Respondents.*

Case No. ___________________

**PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

1. Petitioner HERMINE AVETISYAN (A-243-155-451) is in the physical custody of the Respondents at the Adelanto Detention Facility in Adelanto, California.

2. Petitioner was apprehended after entering the United States and released from DHS/ICE custody for the purpose of pursuing immigration relief. Since her release, Petitioner has fulfilled the conditions of release to the best of her ability, submitted I-589 Application for Asylum and Withholding of Removal ("I-589 Application"), and built a life in the United States. Also, Petitioner does not have criminal convictions in the United States or elsewhere according to the Petitioner.

3. Despite Petitioner's compliance while released, she was unlawfully re-detained by the Department of Homeland Security ("DHS"). Prior to the re-detention of the Petitioner, Respondents did not provide any written notice explaining the basis for the revocation of release, did not assess whether Petitioner presented a flight risk or danger to the community prior to the re-detention, and did not provide a hearing before a neutral decisionmaker, where Immigration and Customs Enforcement ("ICE") was required to justify the basis for re-detention and to explain why the Petitioner is now a flight risk or danger to the community. By failing to provide such a hearing, Respondents have violated Petitioners'

constitutional right to due process.

4. Accordingly, Petitioner seeks a writ of habeas corpus requiring that she be immediately released.

5. In the alternative, should the Court determine that immediate release is not warranted, order Respondents to provide Petitioner with an individualized bond hearing before an impartial immigration judge within seven (7) days, where the government bears the burden of establishing by clear and convincing evidence that Petitioner is a flight risk and/or danger to the community. Also, there must be a consideration of alternatives to detention and financial ability to pay.

## JURISDICTION

6. Petitioner is detained in civil immigration custody at Adelanto Detention Facility in Adelanto, California. She has been detained since approximately October 6, 2026.

7. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

8. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I § 9, cl. 2 of the United States Constitution (Suspension Clause). This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All-Writs Act, 28 U.S.C. § 1651.

## VENUE

9. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484,493-500(1973), venue lies in the United States District Court for the Central District of California, the judicial district in which Petitioner currently is detained.

10. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the Central District of California.

## REQUIREMENTS OF 28 U.S.C. § 2243

11. The Court must grant the petition for writ of habeas corpus or order Respondents to show cause “forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, Respondents must file a return “within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

12. Habeas corpus is “perhaps the most important writ known to the constitutional law... affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement.” *Fay* v. *Noia,* 372 U.S. 391,400 (1963) (emphasis added).“ The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action

from him within the four corners of the application.”" Yong v. I.N.S.,208F.3d 1116,1120(9th Cir. 2000) (citation omitted).

## PARTIES

13. Petitioner is a native and citizen of Armenia. She is currently detained at Adelanto Detention Facility in Adelanto, California. She is in the custody, and under the direct control, of Respondents and their agents.

14. Respondent Markwayne Mullin is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Mullin is responsible for the implementation and enforcement of the INA, and oversees ICE, the component agency responsible for Petitioner’s detention. Respondent Mullin is empowered to carry out any administrative order against Petitioner and is a legal custodian of Petitioner.

15. Respondent U.S. Department of Homeland Security (DHS) is the federal agency responsible for implementing and enforcing the INA. DHS oversees ICE and the detention of noncitizens. DHS is a legal custodian of Petitioner.

16. Respondent Todd Blanche is sued in his official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, he has the authority to adjudicate removal cases and oversees the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA.

17. Respondent David Venturella is sued in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement (ICE). Respondent is a legal custodian of Petitioner and has authority to release him.

18. Respondent Warden of Adelanto Detention Facility is sued in their official capacity as Warden of Adelanto Detention Facility and has immediate physical custody of Petitioner pursuant to a contract with ICE to detain noncitizens and is a legal custodian of Petitioner.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

19. Petitioner is a native and citizen from Armenia who fled that country and entered the United States on approximately October 31, 2022 with her husband and daughter.

20. Petitioner and her family were immediately released and relocated to the greater Los Angeles area. Following their release, Petitioner and her family timely filed for an I-589 Application for Asylum and Withholding of removal with on approximately February 23, 2023 with USCIS, completed check-ins, and completed the other conditions of release required of them.

21. On approximately October 6 2026, DHS re-arrested Petitioner in Los Angeles, California, during an ICE check-in appointment. Petitioner has no criminal history according to the Petitioner. Following her re-arrest, Petitioner was

transferred to Adelanto Detention Center in Adelanto, California, where she remains.

22. Petitioner has a supportive network in the U.S. including her husband, daughter, and two sons including a U.S. born son on approximately February 8, 2025.

23. Prior to Petitioner's re-arrest, she did not receive written notice of the reason for her re-detention.

24. Prior to Petitioner's re-arrest, ICE did not assess whether she presented a flight risk or danger to the community, or whether her re-arrest was justified for some other reason.

25. Prior to Petitioner's re-arrest, she was not afforded a hearing before a neutral decisionmaker to determine if her re-detention was justified.

## LEGAL FRAMEWORK

26. Due process requires that if DHS/ICE seeks to re-arrest someone like the Petitioner who was previously released from DHS/ICE custody, submitted I-589 Application, had lived in the U.S. without any issues after their initial release, and have otherwise complied with all aspects of their immigration processes then DHS/ICE must afford a hearing before a neutral decisionmaker to determine whether any re-detention is justified because the person is a flight risk or danger to the community.

27. “Freedom from imprisonment from government custody, detention, or other forms of physical restraint-lies at the heart of the liberty protected by the Due Process Clause. "*Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Consistent with this principle, individuals released on parole or other forms of conditional release have a liberty interest in their "continued liberty." *Morrissey v. Brewer*, 408U.S.471,482(1972). Such liberty is protected by the U.S. Constitution because, “although indeterminate, [it] includes many of the core values of unqualified liberty," such as the ability to be gainfully employed and live with family," and its termination inflicts a 'grievous loss' on the [released individual] and often on others.” Id.

28. To protect against arbitrary re-detention and to ensure the right to liberty, due process requires “adequate procedural protections" that test whether the government's asserted justification for a noncitizen’s physical confinement “outweighs the individual’s constitutionally protected interest in avoiding physical restraint.” *Zadvydas*, 533 U.S. at 690 (citation modified). Due process thus guarantees notice and an individualized hearing before a neutral decisionmaker to assess danger or flight risk before the revocation of an individual’s release. *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (“The fundamental requisite of due process of law is the opportunity to be heard . . . . at a meaningful time in a meaningful manner.” (citation modified)); *see also, e.g.*, *Morrissey*, 408 U.S. at

485 (requiring "preliminary hearing to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed . . . a violation of parole conditions" and that such determination be made "by someone not directly involved in the case" (citation modified)).

29. Several courts have recognized that these principles apply with respect to the re-detention of the many noncitizens by DHS/ICE, often after such persons have been released for months and years. *See, e.g.*, *Valdez v. Joyce*, --- F.Supp.3d ----, 2025 WL 1707737 (S.D.N.Y. June 18, 2025) (ordering immediate release due to lack of pre-deprivation hearing); *Garro Pinchi v. Noem*, 792 F. Supp. 3d 1025 (N.D. Cal. 2025) (similar); *Maklad v. Murray*, No. 1:25-CV-00946 JLT SAB, 2025 WL 2299376 (E.D. Cal. Aug. 8, 2025) (similar); *Garcia v. Andrews*, No. 1:25-CV-01006 JLT SAB, 2025 WL 2420068 (E.D. Cal. Aug. 21, 2025) (similar).

30. Petitioner's detention, without *any* individualized review, is unreasonable under the *Mathews v. Eldridge* due process test.

31. Each year, thousands of noncitizens are incarcerated for lengthy periods pending the resolution of their removal proceedings. *See Jennings*, 138 S. Ct. at 860 (Breyer, J., dissenting) (observing that class members, numbering in the thousands, had been detained "on average one year" and some had been detained for several years). The *Mathews* test for procedural due process claims balances:

(1) the private interest threatened by governmental action; (2) the risk of erroneous deprivation of such interest and the value of additional or substitute safeguards; and (3) the government interest. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *see also Salesh P.*, 2022 WL 17082375, at *8 (collecting cases where judges in the Northern District of California applied the *Mathews* factors to a habeas petitioner's due process claims). Here, each factor weighs in Petitioner's favor, requiring this Court immediately release Petitioner or to promptly hold a hearing to evaluate whether the government can justify their ongoing detention.

32. First, Petitioner indisputably has a weighty interest in their liberty, the core private interest at stake here. *Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment. . . lies at the heart of the liberty [the Due Process Clause] protects."). Petitioner, who is being held in "incarceration-like conditions," has an overwhelming interest here, regardless of the length of her immigration detention, because "any length of detention implicates the same" fundamental rights. *Rajnish v. Jennings*, No. 3:20-cv-07819-WHO, 2020 WL 7626414, at *6 (N.D. Cal. Dec. 22, 2020).

33. Second, Petitioner will suffer the erroneous risk of deprivation of their liberty without an individualized evidentiary hearing. The risk of erroneous deprivation of their liberty is high, as she has been detained in DHS/ICE custody since approximately October 6, 2026 without any evaluation of whether the

government can justify detention under their individualized circumstances. "[T]he risk of an erroneous deprivation of liberty in the absence of a hearing before a neutral decisionmaker is substantial." *Diouf*, 634 F.3d at 1092.

34. Third, the government's interest is very low in continuing to detain Petitioner without providing any neutral review. *See Mathews*, 424 U.S. at 335. The specific interest at stake here is not the government's ability to continue to detain Petitioner, but rather the government's ability to continue to detain them for months on end without any individualized review. *See Marroquin Ambriz v. Barr*, 420 F. Supp. 3d 953, 964 (N.D. Cal. 2019); *Henriquez v. Garland*, No. 5:22-CV-00869-EJD, 2022 WL 2132919, at *5 (N.D. Cal. June 14, 2022). The cost of providing an individualized inquiry is minimal. *See Henriquez*, 2022 WL 2132919, at *5. The government has repeatedly conceded this fact. *See Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 777 (N.D. Cal. 2019); *Singh v. Barr*, 400 F. Supp. 3d 1005, 1021 (S.D. Cal. 2019); *Marroquin Ambriz*, 420 F. Supp. 3d at 964.

35. In sum, the *Mathews* factors establish that Petitioner is entitled to immediate release from custody or an evidentiary hearing before a neutral adjudicator.

## CLAIMS FOR RELIEF

### Violation of Fifth Amendment Right to Due Process

### Procedural Due Process

36. Petitioner re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

37. Due process does not permit the government to re-detain a Petitioner and strip them of their liberty without written notice and a pre-deprivation hearing before a neutral decisionmaker to determine whether re-detention is warranted based on danger or flight risk. *See Morrissey*, 408 U.S. at 487–88. Such written notice and a hearing must occur *prior* to any re-detention.

38. Respondents revoked the Petitioner's release and deprived her of liberty without providing written notice and a meaningful opportunity to be heard by a neutral decisionmaker prior to her re-detention on approximately October 6, 2026.

39. Accordingly, the Petitioner's re-detention violates the Due Process Clause of the Fifth Amendment.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause ordering Respondents to show cause within three days as to why this Petition should not be granted as required by 28

U.S.C. § 2243, and ordering that they not transfer Petitioner out of this district during the pendency of the court's adjudication of this petition;

(3) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner from custody immediately and permanently enjoin her re-detention during the pendency of her removal proceeding absent written notice and a hearing prior to re-detention where Respondents must prove by clear and convincing evidence that the Petitioner is a flight risk or danger to the community and that no alternatives to detention would mitigate those risks;

(4) In the alternative, should the Court determine that immediate release is not warranted, order Respondents to provide Petitioner with an individualized bond hearing before an impartial immigration judge within seven (7) days, where the government bears the burden of establishing by clear and convincing evidence that Petitioner is a flight risk and/or danger to the community. Also, there must be a consideration of alternatives to detention and financial ability to pay.

(5) Declare that the re-detention of the Petitioner while removal proceedings are ongoing without first providing an individualized determination before a neutral decision maker violates the Due Process Clause of the Fifth Amendment.

(6) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

(7) Grant any other and further relief that this Court deems just and proper.

Respectfully submitted this 7 day of October 2026.

**SHAHZADA "SHAW" ASHRAF, ESQ.**
*Attorney for Petitioner*