**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HERMINE AVETISYAN,

Petitioner,

MARKWAYNE MULLIN, et al.

Respondents.

Case No. 5:26-cv-05947-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

On October 7, 2026, Petitioner Hermine Avetisyan filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), challenging Petitioner's detention as a violation of the Due Process Clause of the Fifth Amendment. (Dkt. 1.) For the reasons stated below, the Court GRANTS the Petition.

## II. FACTUAL AND PROCEDURAL HISTORY

Petitioner is native and citizen of Armenia. (Dkt. 1 at 5.) Petitioner entered the United States without inspection on October 31, 2022, at or around San Luis, Arizona. (Dkt. 9-1 at 3.) United States Border Patrol ("USBP") arrested Petitioner and released her the same day due to detention capacity with Form I-94 as an alternative to detention as a condition of parole. (*Id.*)

On February 23, 2023, Petitioner filed an Application for Asylum and for Withholding of Removal, Form I-589, with United States Citizenship and Immigration Services ("USCIS"). (*Id.*) On August 02, 2023, Petitioner filed an Application for Work

Authorization, Form I-765, with USCIS, that USCIS approved on August 29, 2023. (*Id.*) On May 09, 2025, Petitioner filed an Application for Work Authorization, Form I-765, with USCIS, that USCIS approved on May 29, 2025. (*Id.*) Petitioner complied with her parole conditions, lived in the United States with her husband and children, and complied with the law. (Dkt. 1 at 6-7.)

Petitioner reported to an appointment with Immigration and Customs Enforcement ("ICE") on October 6, 2026. (Dkt. 1 at 6.) At the appointment, Petitioner was served with a Notice to Appear, Form-I-862. (Dkt. 9-1 at 3.) Petitioner was arrested without notice or a hearing. (Dkt. 1 at 6-7.) She was then transferred to Adelanto Detention Center. (*Id.*)

In the Petition, Petitioner brings one claim for relief: Violation of Fifth Amendment Right to Due Process - Procedural Due Process. (Dkt. 1 at 11-12.) Among other things, Petitioner requests immediate release from Adelanto Detention Center. (*Id.* at 12-13.)

On October 15, 2026, the Court issued a Text Only Entry: Respondents have not filed a notice of appearance. If Respondents intend to appear in this matter, they must file a notice of appearance within 24 hours. If Respondents do not intend to appear in this matter, the Court requests that Respondents file the Form I-213 for Petitioner no later than 4:00 p.m. on October 12, 2026." (Dkt. 8.) The Text Only Entry contained an inadvertent error pertaining to the date. On October 15, 2026, Respondents filed Form 1-213 for Petitioner. (Dkt. 9-1.) According to Form I-213, Petitioner has no criminal history. (Dkt. 9-1 at 3.)

On October 16, 2026, Petitioner filed a Reply in Support of Petition reiterating the claims and facts stated in Petition. (Dkt. 10.) Petitioner also filed Notice of Respondents' Non-Compliance with Court Ordered Briefing Deadline on October 16, 2026, informing the Court of Petitioner's delayed response to the Court's Text Only Entry. (Dkt. 11.)

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

Petitioner's requested relief, among other things, is an order granting the Petition and that Petitioner be released immediately. (Dkt.1 at 12-13.) Respondents chose not to oppose Petitioner's claims and requested relief.

Respondents' choice not to oppose Petitioner's claims and requested relief constitutes forfeiture of the arguments Respondents could have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). As numerous other courts have found, petitions should be granted when respondents fail to oppose the primary relief sought. *See, e.g., Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135 SK, 2026

WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."). Moreover, Local Rule 7-12 of the Central District of California states, "The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ".

Given Respondents' chose not to file an answer and oppose the relief that Petitioner requests in the Petition, and the absence of procedural safeguards accorded to Petitioner in advance of Petitioner's re-detention, the Court finds that it is appropriate to grant the Petition and order that Petitioner be immediately released on the same conditions as prior to Petitioner's re-detention.

## V. CONCLUSION

For the reasons stated, the Court GRANTS the Petition and ORDERS:

(1) Respondents to release Petitioner HERMINE AVETISYAN (A#243-155-451) immediately under the same conditions as she was released prior to her re-detention;

(2) Respondents to return all property to Petitioner that was confiscated from him when he was arrested and processed into detention;

(3) Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and

(4) That any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: October 16, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge